PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 04 2008

at 2 o'clock and 45 min P M.
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: THERESE PICKENS,
aka Thereese Pickens, Threese
Pickens, Thesese Chamberlain,
and Threese Chamberlain

Case No.: CR 04-00070SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 8/16/2004

Original Offense:    Counts 1 & 2: Bank Fraud, in violation of 18 U.S.C. § 1344, Class B
felonies

Original Sentence:    Total term of 12 months and 2 days imprisonment as to each of Counts 1
and 2, with both terms to run concurrently, and 5 years supervised
release as to each of Counts 1 and 2, with both terms to run concurrently,
with the following special conditions:  1) That the defendant participate in
a substance abuse program, which may include drug testing at the
discretion and direction of the Probation Office; 2) That the defendant
provide the Probation Office and the Financial Litigation Unit of the
U.S. Attorney's Office access to any requested financial information to
include submitting to periodic debtor's examinations as directed by the
Probation Office; and 3) That the defendant pay restitution in the amount
of $33,309.34 immediately and any remaining balance upon release from
confinement shall be paid during the period of supervision on an
installment basis according to the collection policy of the Probation Office
but at a rate of not less than 10 percent of her monthly gross income.
Interest is waived while the defendant is serving her term of imprisonment
and shall commence to accrue on any remaining balance upon her
release on supervision.

Modification:    On 9/14/2004, the Court modified the supervised release conditions and
imposed the following additional special condition:  4) That the defendant
serve up to 180 days community confinement, in a community corrections
center such as Mahoney Hale, following release from imprisonment as
arranged by the Probation Office.  While serving the term of community
confinement, the defendant may obtain employment and/or enroll in an
educational program as approved and directed by the Probation Office.

Prob 12B
(7/93)

2

Modification:   On 11/15/2005, the Court modified the supervised release conditions and imposed the following modifications to the General Condition and Special Condition No. 1:  General Condition - That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test in which event the maximum shall increase to up to one valid test per day (mandatory condition); and Special Condition No. 1 - That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Revocation:   On 6/28/2006, the Court revoked the offender's supervised release for the following violations:  1) two positive urine specimens for amphetamine and methamphetamine; 2) refusal to comply with drug testing on three occasions; 3) the offender was discharged from substance abuse treatment for noncompliance; and 4) failure to submit monthly supervision report for November 2005.

The offender was sentenced to 40 days imprisonment as to each of Counts 1 and 2, all such terms to run concurrently, and 58 months supervised release as to each of Counts 1 and 2, all such terms to run concurrently with the following special conditions:  1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 3) The defendant must serve a total of 138 days of intermittent confinement for 46 consecutive weekends at the Federal Detention Center commencing on Friday, 8/4/2006 at 6:00 p.m. and shall be released on Sunday, 8/6/2006 at 12:00 noon.  The defendant shall thereafter report to the Federal Detention Center by 6:00 p.m. on every succeeding Friday and shall be released on 12:00 noon on the following Sunday, and shall continue with this schedule for 46 consecutive weekends; and 4) That the defendant is to enroll in the Tri-Sarf Program and complete the program.  The Court also ordered that the defendant pay restitution in the amount of $33,309.34 immediately and any remaining balance upon release from confinement shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.  Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

Prob 12B
(7/93)

3

On 7/14/2006, the offender's second term of supervised release commenced.

Revocation:

On 9/5/2006, the Court revoked the offender's second term of supervised release for the following violations: 1) one positive urine specimen for amphetamine and methamphetamine; and 2) discharged from substance abuse treatment for noncompliance.

The offender was sentenced to 12 months imprisonment as to each of Counts 1 and 2, all such terms to run concurrently, and 46 months supervised released as to each of Counts 1 and 2, all such terms to run concurrently with the following special conditions: 1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; and 2) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office. The Court also ordered that the defendant pay restitution in the amount of $33,309.34 immediately and any remaining balance upon release from confinement shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

On 8/24/2007, the offender's third term of supervised release commenced.

Type of Supervision:  Supervised Release     Date Supervision Commences:  8/24/2007

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**Special Condition No. 3**:    That the defendant shall submit to automatic payroll deduction through her employer of at least 25 percent of her net monthly income until her restitution arrearage is satisfied.  Thereafter, deductions shall be based on the Collection Policy of the U.S. Probation Office at the discretion and direction of the Probation Office.

Prob 12B
(7/93)

4

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Criminal Monetary Penalties | The offender failed to pay restitution in the month of December 2007 and failed to pay full restitution in the months of November 2007 and January 2008. |

On 2/27/2008, this officer reviewed the offender's restitution payment history against her submitted Monthly Supervision Reports which included her monthly pay statements. This officer determined the offender did not make restitution payments and/or full restitution payments for various months between September 2007 and January 2008.

The following outlines the applicable gross/net incomes considered for restitution based on the collection policy of the U.S. Probation Office and the amount of restitution that was owed for the period September 2007 to January 2008:

| INCOME MONTH | APPLICABLE GROSS | APPLICABLE NET | AMOUNT OWED NEXT MONTH | AMOUNT PAID |
|---|---|---|---|---|
| August 2007 | $    770.00 | | $    77.00 | $    77.00 |
| September 2007 | $  1,170.00 | | $    117.00 | $    117.00 |
| October 2007 | $  1,220.00 | | $    122.00 | $    107.00 |
| November 2007 | | $  1,466.96 | $    366.74 | $    0.00 |
| December 2007 | | $  1,519.38 | $    379.84 | $    200.00 |
| TOTALS | | | $  1,062.58 | $    501.00 |

Based on the table above, the offender failed to comply with restitution provisions outlined in the Criminal Monetary Penalties - Schedule of Payments section of the Judgment in a Criminal Case in that she did not make full restitution payments for the months of October 2007 and December 2007, and did not make any restitution payment for the month of November 2007. Consequently, the offender's restitution is in delinquency and subject to default status if her arrearage is not addressed.

On 2/28/2008, this officer telephonically questioned the offender regarding her restitution payments. The offender reported that she believed that all of her payments were based on 10 percent of her monthly gross income. However, this officer advised the offender that she was counseled on more than one occasion regarding the collection policy and was told that if her net income was $1,200.00 or more, her next payment would be 25 percent of that net income. Further, the offender was advised that even though she is relying on the 10 percent of gross income provision, she still did not make a full 10 percent payment for October 2007. The offender subsequently apologized for her actions. She further related that for January 2008, she only sent $150.00 despite owing $357.00. Consequently, by 2/29/2008, the offender will be in arrears in the amount of $786.58.

This officer advised the offender that in light of her violation, this officer would request that the Court modify her conditions of supervision to include automatic payroll deduction through

Prob 12B
(7/93)

5

her employer, Glad's Landscaping & Tree Trimming, Inc. Moreover, the offender was advised that this officer would request that the payroll deduction include deductions of up to 25 percent of her net monthly income until the arrearage is satisfied. Thereafter, deductions will be based upon the collection policy of the Probation Office. In response to the recommended modification, the offender agreed to the modification.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives her right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Additionally, the Notice Regarding Modification of Conditions is attached. The offender understands that any modification of Court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the Court as a basis for revoking supervised release, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  2/28/2008

THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[  ]  Other

SUSAN OKI MOLLWAY
U.S. District Judge

3/3/08
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: _Therese Prokear_____

Date: __02/27/08_____

PROB 49
(5/89)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.

[ X ]    To modify the conditions of supervision as follows:

> 3)    *That the defendant shall submit to automatic payroll deduction through her employer of at least 25 percent of her net monthly income until her restitution arrearage is satisfied. Thereafter, deductions shall be based on the Collection Policy of the U.S. Probation Office at the discretion and direction of the Probation Office.*

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
THERESE PICKENS
Supervised Releasee

28 Feb 08
Date